# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| RICHARD J. KASPAR as ADMINISTRATOR of LOCAL No. 731, I. B. of T., EXCAVATORS AND PAVERS PENSION TRUST FUND,<br><br>and<br><br>LOCAL No. 731, I. B. of T., EXCAVATORS AND PAVERS PENSION TRUST FUND,<br><br>Plaintiffs,<br><br>v.<br><br>D M D SERVICES, INC. and any trade trade or business under common control with D M D SERVICES, INC.,<br><br>Defendants. | Case No. 17-cv-00629<br><br>Judge Virginia M. Kendall |

## MOTION FOR DEFAULT JUDGMENT AGAINST D M D SERVICES, INC.

Plaintiffs Richard J. Kaspar ("Kaspar") as Administrator of the Local No. 731, I. B. of T., Excavators and Pavers Pension Trust Fund and the Local No. 731, I. B. of T., Excavators and Pavers Pension Trust ("Fund"), through their attorneys, Dowd, Bloch, Bennett, Cervone, Auerbach & Yokich pursuant to Federal Rule of Civil Procedure 55(b), respectfully move this Court for entry of a final default judgment against Defendant D M D Services, Inc. ("DMD" or "Company") under Count I of the Complaint. In support of this motion, the Plaintiffs state as follows:

1. This is an action to collect withdrawal liability under the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended by of the Multiemployer Pension Plan Amendments Act of 1980. Count I of the Complaint seeks withdrawal liability, liquidated damages, interest, and attorneys' fees and costs from DMD. Count II seeks joint and several liability for these damages against and any trades or businesses under common control with DMD (collectively, "Control Group Members") that the Plaintiffs have not yet identified.

2. Plaintiffs filed their Complaint against DMD and the Control Group Members on January 27, 2017. Compl. [Doc. No. 1].

3. DMD was dissolved on May 1, 2016 and has failed to maintain a registered agent. Off. of the Ill. Sec. of St. Corp. Detail Rpt., a copy of which is attached hereto as Exhibit A.

4. Effective February 27, 2017, the Fund served DMD through the Illinois Secretary of State under 805 ILCS 5/5.25 by sending copies of the complaint, summons, and file-stamped Affidavit of Compliance for Service of Secretary of State to DMD's last registered office and the address that the Fund believed to be most likely to result in actual notice, 24 Glenoble Court; Oak Brook, IL 60523. Return of Service [Doc. No. 6].

5. Pursuant to Federal Rule of Civil Procedure 12(a)(1)(A)(i), DMD was required to answer or otherwise plead in response to the Complaint within 21 days of February 27, 2017, or on or before March 20, 2017.

6. As of the date of this motion, DMD has not filed a motion for enlargement of time, an answer, or any other pleading in response to the Complaint.

7. DMD has not timely responded to the Complaint or provided a good-faith basis for failing to do so. DMD is now in default under Federal Rule of Civil Procedure 55(a).

8. On November 9, 2016, DMD received from the Fund a notice of withdrawal liability meeting the requirements of Sections 4202(2) and 4219 of ERISA, 29 U.S.C. §§ 1382(2) and 1399. Compl. ¶¶ 10-16, 23.

9. The notice required payment of DMD's full, accelerated withdrawal liability of $362,931 by no later than December 20, 2016. Compl. ¶¶ 11-12.

10. DMD has not remitted any withdrawal liability payments or challenged the withdrawal liability assessment. Compl. ¶¶ 17-19; Aff. Kaspar ¶ 6, a copy of which is attached hereto as Exhibit B.

11. Under ERISA and the Fund's governing documents, the Fund is entitled to a judgment against DMD for the full, accelerated withdrawal liability, plus interest, liquidated damages, and the attorneys' fees and costs. 29 U.S.C. §§ 1132(g)(2), 1399(c)(5), and 1451(b); Compl. ¶¶ 29-30; Aff. Kaspar ¶ 4.

12. The full, accelerated withdrawal liability owed by DMD is $362,931. Compl. ¶¶ 9, 12, 22; Aff. Kaspar ¶ 8.

13. Under the applicable regulations and the Fund's withdrawal liability procedures, DMD owes interest on the full, accelerated withdrawal liability of $362,931 from the date that the payment was due, December 20, 2016, to the date judgment is entered, at the rate of 3.5% for the fourth quarter of 2016 and 3.75% for the first quarter of 2017. 29 CFR § 4219.32; Aff. Kaspar ¶¶ 9-11. So computed, the interest owed by DMD is $4,863.28. Aff. Kaspar ¶ 11.

14. Pursuant to ERISA and the Fund's withdrawal liability procedures, DMD owes liquidated damages in the amount of the greater of the interest owed or 20% of the full, accelerated withdrawal liability of $362,931. 29 U.S.C. §1132(g)(2)(C); Aff. Kaspar ¶¶ 12-13. So computed, the liquidated damages owed by DMD are $72,586.20. Aff. Kaspar ¶ 13.

15. Under ERISA and the Fund's withdrawal liability procedures, DMD is liable for the reasonable attorneys' fees and costs incurred by the Fund with respect to this matter. 29 U.S.C. §1132(g)(2)(D); Aff. Kaspar ¶ 14. Those fees and costs total $5,868.00. Aff. Barr, a copy of which is attached hereto as Exhibit C.

16. The Fund is entitled to a default judgment in the total amount of $446,248.48 as follows:

| | |
|---|---|
| Withdrawal Liability | $362,931.00 |
| Interest (as of 3/29/27) | $ 4,863.28 |
| Liquidated Damages @ 20% | $ 72,586.20 |
| Attorneys' Fees and Costs | $ 5,868.00 |
| **Total** | **$446,248.48** |

17. There is no just reason to delay entry or enforcement of a final judgment against DMD under Count I of the Complaint while litigation continues against the Control Group Members under Count II of the Complaint.

WHEREFORE, for the reasons stated above, Plaintiffs respectfully move this Court to enter a final judgment order against DMD and in favor of the Fund for $446,248.48 in the form of the proposed order electronically submitted to the Court.

Respectfully submitted,

/s/ Jeremy M. Barr
Jeremy M. Barr
Attorney for the Plaintiffs

Jeremy M. Barr (ARDC# 6299047)
Elizabeth L. Rowe (ARDC# 6316967)
DOWD, BLOCH, BENNETT,
CERVONE, AUERBACH & YOKICH
8 South Michigan Avenue, 19th Floor
Chicago, Illinois 60603
(312) 372-1361